UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-10241-MLW |
| v. ) | |
| ) | |
| KENNETH DOYLE,    Defendant ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND
OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM**

The Government submits this Memorandum in response and opposition to Defendant's Sentencing Memorandum (hereinafter "Defendant's Memorandum") and Defendant's request for a downward departure pursuant to § 5K2.13 and § 5K2.20 of the United States Sentencing Guidelines. For the reasons described below, no such downward departure is warranted either under the provisions of the United States Sentencing Guidelines or pursuant to 18 U.S.C. § 3553.

I.  Defendant's Conduct Was Not "Aberrant" Within the Meaning of That Term in § 5K2.20

Defendant's Memorandum mischaracterizes both the legal meaning of the word "aberrant" and the nature of the offense that he committed. U.S.S.G. § 5K2.20 defines aberrant behavior as follows:

> **§ 5K2.20.  Aberrant Behavior (Policy Statement)**
>
> (a) . . . a downward departure may be warranted in an exceptional case if (1) the defendant's criminal conduct meets the requirements of subsection (b); and (2) the departure is not prohibited under subsection (c).
>
> (b) Requirements. — The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life . . . .
>
> Subsection (b) thus imposes three conditions that must all be satisfied in order to support

a downward departure under § 5K2.20.  In particular, Defendant cannot claim that the conduct at issue in this case – which took place over the course of two years – was of "limited duration."  Defendant mischaracterizes his offense as being "essentially his failure to inform the Social Security Administration of his mother's death while he was suffering a manic episode following her death." (Defendant's Memorandum at 10).  However, the crime for which Defendant has admitted guilt was neither his initial failure to notify, nor the passive receipt and accumulation of direct-deposited government funds in his mother's bank account.  Instead, he admitted that he converted these government funds to his own use every month for a span of two years.

     Contrary to Defendant's assertion, the fact that Defendant closed the bank account after two years does not mitigate Defendant's criminal conduct.  Instead, it is further evidence of the criminal offenses.  Defendant only closed the account after he had withdrawn all the funds.  Closing the account thus ensured that Defendant had converted every single dollar deposited into this account between the day of his mother's death and the day of the account closure — including even the deposits made fully two years after his mother's death.

     This two-year timeframe precludes a finding of "limited duration."  See, e.g., United States v. Hollier, 321 F. Supp. 2d 601, 603 (S.D.N.Y. 2004) (concluding, for a defendant convicted of tax evasion for acts including forging at least three letters from the IRS over a two-year period, that "[t]his extensive and deliberate behavior cannot be considered aberrant, no matter how admirably [the defendant] has carried himself in other aspects of his life").

     Furthermore, Defendant's conduct was not only of extended duration – it was repeated month after month for this time period.  As the Application Note Two to § 5K2.20 makes clear, repetitious behavior cannot be considered aberrant.

In short, Defendant's continuing conversion of government funds over a two-year period cannot qualify as "aberrant" behavior under § 5K2.20.

II.  Defendant's Psychiatric History Does Not Constitute Diminished Mental Capacity Under the Guidelines

The lengthy and repetitive nature of Defendant's criminal conduct precludes a finding of diminished capacity under U.S.S.G. § 5K2.13. Even Defendant's own doctor refers to his illness as episodic in nature. Nothing in the reports submitted by Defendant provides any support for the idea that such an episode could last for two years. Because Defendant regularly converted government funds to his own use over a two-year period without interruption, it cannot be said that he committed the offense "while suffering from a significantly reduced mental capacity."

Dr. Manschreck's conclusion that Doyle's poor judgment was "consistent" with a disturbed mental state (Defendant's Memorandum at 6) is insufficient to explain Defendant's pattern of repetitive conduct over two years. Poor judgment is not an excuse for criminal behavior. Indeed, arguably all criminal acts are the result of poor judgment. Nevertheless, they are punished. Even assuming that Defendant's health resulted in some reduction of his mental capacity, it cannot be said that any such reduction "contributed substantially to the commission of the offense" as required for a finding of diminished capacity pursuant to § 5K2.13. "To qualify for a departure under [§ 5K2.13], the defendant must be suffering from something more than 'emotional problems.' Rather, the defendant must show an inability 'to process information or to reason.'" United States v. Janusz, 986 F. Supp. 328, 330 (D. Md. 1997) (quoting United States v. Withers, 100 F.3d 1142, 1147–48 (4th Cir. 1996), cert. denied, 520 U.S. 1132 (1997)) (internal citations omitted). Nothing in Defendant's medical record suggests that his mental state

3

prohibited him from being able to "to process information or to reason."  For this reason, defendant is ineligible for a downward departure based on diminished mental capacity.

III.    Government's Sentencing Recommendation

In addition to the issues raised in Defendant's Memorandum regarding the proper Guideline calculation, Defendant also seems to seek a sentence below the Guideline Sentencing Range pursuant to United States v. Booker, 125 S.Ct. 738 (2005) and 18 U.S.C. § 3553.  The government opposes this motion.  Defendant's Guideline Sentencing Range places him into Zone B.  This allows the Court to sentence him to incarceration, incarceration and probation, or home detention and community confinement combined with probation.  See U.S.S.G. § 5C1.1(c). Given the length of the criminal conduct at issue in this case, and the amount of money involved, the Government believes that the Court can easily fashion a sentence within the Guideline Sentencing Range that meets the sentencing goals enumerated in 18 U.S.C. § 3553.

## CONCLUSION

For the aforementioned reasons, the Government asks the Court to sentence the defendant to a sentence within the Guideline Sentencing Range without applying any downward departures.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          UNITED STATES ATTORNEY

                       By:    /s/ Seth Berman
                              SETH BERMAN
                              Assistant U.S. Attorney

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing document to be served on counsel of record via electronic filing this 18th day of February, 2005.

                                          /s/ Seth Berman
                                          SETH BERMAN
                                          Assistant U.S. Attorney